**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro RUIZ–LOPEZ, Defendant–**
**Appellant.**

No. 98–50599.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2000

Filed Dec. 8, 2000

As Amended Jan. 3, 2001.

Carolyn Chapman, Law Offices of Carolyn Chapman, Coronado, California, for the defendant-appellant.

Jaime Suarez, United States Department of Justice, and Suzanne Ramos, Office of the United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: PREGERSON, W. FLETCHER, and GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Pedro Ruiz–Lopez ("Ruiz–Lopez") appeals his conviction and sentence for being an alien "found in" the United States after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Ruiz–Lopez maintains that there is insufficient evidence to conclude beyond a reasonable doubt that he was found in the United States.[1] We agree and reverse and remand for entry of an acquittal.

## FACTS AND PROCEDURAL HISTORY

Ruiz–Lopez illegally entered the United States in 1979. Between 1979 and 1994, he was charged with and convicted of, inter alia, burglary, petty theft, possession of a controlled substance, auto theft, and receiving stolen property. In April 1994, after his second conviction for possession of a controlled substance, Ruiz–Lopez was brought before an immigration judge ("IJ") at a multiple deportation hearing. Ruiz–Lopez was advised of his right to appeal, but he waived that right, and the IJ ordered him deported to Mexico.

On December 1, 1997, Ruiz–Lopez was discovered in the United States, arrested, and then transported to the United States border patrol processing center in Tecate,

---

1. Ruiz–Lopez raises several issues besides sufficiency of the evidence. Among them is a claim that his underlying deportation was invalid because his due process rights were violated during the deportation proceedings. Others include challenges to the district court's imposition of a 16–level sentence enhancement and its refusal to grant Ruiz–Lopez a downward departure in sentencing. In light of our disposition of the primary claim, we need not and do not decide these issues.

California. At the processing center, border patrol agents determined that Ruiz–Lopez is a citizen of Mexico who had been deported and removed to Mexico in 1994. The agents referred Ruiz–Lopez for criminal prosecution. The government charged Ruiz–Lopez with being an alien found in the United States after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).

At trial, the government presented only one witness during its case-in-chief who testified as to whether Ruiz–Lopez had been found in the United States. Border patrol agent Christopher Thompson testified that on December 1, 1997, he was assigned to the Tecate processing center when he received a telephone call from the Tecate port of entry requesting him to pick up Ruiz–Lopez. Thompson testified on cross-examination that when he arrived at the Tecate port of entry, Ruiz–Lopez was located inside a room in the port of entry where other immigration inspectors were completing business.

At the conclusion of the government's case-in-chief, Ruiz–Lopez moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, alleging the government had not proved beyond a reasonable doubt that he had been found in the United States in violation of 8 U.S.C. § 1326. Specifically, Ruiz–Lopez argued:

> [I]f a defendant is in the port of entry in the processing center he hasn't performed an entry. It's an attempted entry and it's completely different than an actual entry, which he needs to be free from official restraint and he needs to be out of continuing surveillance.

The district court agreed with Ruiz–Lopez, stating to the prosecutor, "[y]ou haven't shown he was arrested in the United States. All you've shown was he was in the port of entry." However, the court allowed the government to reopen its case.

The government then presented testimony from INS inspector Steven Phillips, the immigration official recorded as making the arrest of Ruiz–Lopez. Phillips had no specific recollection of arresting Ruiz–Lopez. He described his standard practice of arresting suspected illegal entrants. Phillips testified that it was his custom to watch the Tecate port of entry for individuals trying to enter illegally through the southbound pedestrian lane. This exchange followed:

> Q: So, if someone snuck through the southbound lane and you found them on the U.S. side of the border, what would you do? What steps would you take?
>
> A: I would have approached that person. Typically, they would make a beeline, so to speak, into the commercial establishment there, the shopping center. And I would have asked questions regarding their admissibility for Immigration purposes, whether or not they had a document, what their citizenship was.

After this additional testimony, Ruiz–Lopez renewed his Rule 29 motion for judgment of acquittal. The district court denied the motion, reasoning "it's pretty obvious that he was found in the United States. . . ."

The jury ultimately found Ruiz–Lopez guilty of being an alien found in the United States after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Pursuant to United States Sentencing Guideline (U.S.S.G.) section 2L1.1(b)(1)(A), the district court enhanced Ruiz–Lopez's sentence 16 levels because of his 1991 conviction for violation of California Vehicle Code section 10851(a), which the court determined was an aggravated felony. The court sentenced Ruiz–Lopez to a 77–month prison term.

Ruiz–Lopez appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse.

## DISCUSSION

We review de novo the district court's denial of a Rule 29 motion for

judgment of acquittal. This standard requires us to "review the evidence presented against the defendant in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sarkisian*, 197 F.3d 966, 984 (9th Cir.1999) (citations internal quotation marks omitted).

■ Ruiz–Lopez contends that the district court erroneously denied his motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 because there is insufficient evidence to conclude beyond a reasonable doubt that he was found in the United States in violation of 8 U.S.C. § 1326. We agree.

■ It is a crime for any alien who has been previously deported to enter, attempt to enter, or at any time be found in the United States without the consent of the Attorney General. 8 U.S.C. § 1326(a). An alien's mere physical presence on United States soil, however, is insufficient to convict him of being found in the United States in violation of 8 U.S.C. § 1326. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir.2000). Rather, the government must also establish that the alien entered the United States free from official restraint at the time officials discovered or apprehended him. *Id.* at 1164.

■ Our precedent in this circuit requires that we construe restraint broadly to include constant government surveillance of an alien, regardless of whether the alien was aware of the surveillance or intended to evade inspection.

> [T]he restraint may take the form of surveillance, unbeknownst to the alien; he has still not made an entry despite having crossed the border with the intention of evading inspection, because he lacks the freedom to go at large and mix with the population.

*Id.* (quoting *Matter of Pierre*, 14 I. & N. Dec. 467, 469 (BIA 1973)). If a government official has an alien under surveillance from the moment he passes the port of entry until the moment of arrest, the alien has not "entered" the United States—even if his arrest occurred at a point well past the port of entry—because the alien was under official restraint the whole time. *Id.* at 1165. *Compare United States v. Quintana–Torres*, 224 F.3d 1157, 1159 (9th Cir.2000) (where there is no evidence of constant surveillance by government officials, the unexplained presence of an alien some distance from the border is sufficient to justify a reasonable juror in finding voluntary entry into the United States).

Here, when this rule is applied, the evidence presented at trial does not establish beyond a reasonable doubt that Ruiz–Lopez entered the United States free from official restraint such that he could be properly convicted of being found in the United States in violation of 8 U.S.C. § 1326. The government presented only two witnesses who testified to whether Ruiz–Lopez was found in the United States. The first witness, border patrol agent Thompson, testified that he came into contact with Ruiz–Lopez at the port of entry after a different official had arrested Ruiz–Lopez. This evidence, the district court correctly determined, establishes that Thompson encountered Ruiz–Lopez at the port of entry but is wholly insufficient to prove that officials found Ruiz–Lopez in the United States free from official restraint.

■ The second witness, immigration inspector Phillips, is the immigration official recorded as arresting Ruiz–Lopez. Phillips candidly admitted that he did not recall arresting Ruiz–Lopez, but testified that it was his general practice to watch a suspected illegal alien attempt to sneak across the border and then to approach the individual and determine his or her admissibility for immigration purposes. Such testimony of a habitual practice by reasonable inference is probative on the specific issue of the arrest of Ruiz–Lopez. Fed.R.Evid. 406. However, Phillips' standard practice of observing individuals attempt to enter the United States, following, and then questioning them, also necessarily implies that he closely moni-

tors these suspects at all times.[2] This type of constant surveillance falls within our circuit's precedent defining official restraint, foreclosing a determination that Ruiz–Lopez entered the United States in violation of 8 U.S.C. § 1326. *Pacheco–Medina,* 212 F.3d at 1164.

We conclude that based on this evidence, no rational trier of fact could have found beyond a reasonable doubt that Ruiz–Lopez was found in the United States free from official restraint in violation of 8 U.S.C. § 1326.

## CONCLUSION

We reverse the denial of Ruiz–Lopez's motion for judgment of acquittal and remand for entry of acquittal.

REVERSED, and REMANDED.

**2.** Although Phillips testified only to his customary practice, the day before his testimony, the government, in connection with Ruiz–Lopez's motion challenging probable cause, stated to the court:

> Your Honor, the arresting officer observed Defendant walk across the border and run into a grocery store to hide, and then he went into the grocery store in pursuit and arrested him in the United States, *having watched him illegally enter the United States.*

(emphasis added). If accurate, this statement demonstrates that Ruiz–Lopez was not at any time free "to go at large and mix with the population." *Pacheco–Medina,* 212 F.3d at 1164.