**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier HERNANDEZ–SILVA, Defendant–Appellant.**

No. 00–10641.

D.C. No.CR– 00–681–TUC–JMR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided March 12, 2002.

Before HAWKINS and TASHIMA, Circuit Judges, and WILKEN, District Judge.[*]

MEMORANDUM [**]

A jury convicted Javier Hernandez–Silva ("Hernandez") of possession with the in-

---

[*] Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

tent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. Hernandez appeals, contending that the district court: (1) violated his speedy trial rights; (2) improperly rejected his motion for judgment of acquittal; and (3) improperly admitted drug courier modus operandi evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's application of the Speedy Trial Act is reviewed de novo. *United States v. Lam*, 251 F.3d 852, 855 (9th Cir.2001). A district court's decision to grant or deny a motion for a continuance is reviewed for an abuse of discretion. *United States v. Zamora–Hernandez*, 222 F.3d 1046, 1049 (9th Cir.2000), *cert.denied*, 531 U.S. 1200, 121 S.Ct. 1208, 149 L.Ed.2d 122 (2001). A district court's ruling on a motion for judgment of acquittal is reviewed de novo. *United States v. Ruiz–Lopez*, 234 F.3d 445, 447–48 (9th Cir.2000). A district court's decision to admit expert opinion testimony is reviewed for abuse of discretion. *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000).

■ We reject Hernandez's contention that the district court violated his right to a speedy trial. The district court granted the government's motion, shortly before the commencement of trial, to call an expert fiber witness. Hernandez contends that this forced him to either ask for a continuance, which would extend the trial date past the Speedy Trial Act's cutoff, or proceed to trial without being able adequately to evaluate the government's evidence. While Hernandez accuses the government of undue delay in conducting its fiber testing, the district court found that the government acted neither in bad faith nor unreasonably. Hernandez points to no evidence contradicting the district court's finding, and the record reveals that the

district court's action stemmed from a difficult scheduling problem that it conscientiously sought to resolve. Hernandez also fails to cite a single case where a defendant has brought a successful speedy trial challenge after voluntarily requesting a continuance, and we refuse to recognize such a challenge here.

■ We likewise reject Hernandez's contention that the district court erred in denying his motion for judgment of acquittal on the conspiracy charge. Conspiracy requires the government to prove that at least two persons had an agreement to commit the underlying offense. *United States v. Lennick*, 18 F.3d 814, 818 (9th Cir.1994). In proving that such an agreement existed, "circumstantial evidence is not inherently less probative than direct evidence ... [in fact] the nature of a conspiracy is such that it can rarely be proved in any other way." *United States v. Perez*, 491 F.2d 167, 171 (9th Cir.1974) (internal quotations marks omitted). "Once the existence of a conspiracy is established, evidence of only a slight connection is necessary to support a conviction of knowing participation in that conspiracy." *United States v. Sanchez–Mata*, 925 F.2d 1166, 1167 (9th Cir.1991) (citation omitted); *see also United States v. Segura–Gallegos*, 41 F.3d 1266, 1268 (9th Cir.1994); *United States v. Perry*, 550 F.2d 524, 529 (9th Cir.1977).

The government introduced circumstantial evidence from which a reasonable jury could infer that a conspiracy existed to violate federal narcotics law. Hernandez was found hiding, proximate to over 64 pounds of marijuana, in a remote section of the Arizona desert. While Hernandez told the arresting officers that he was going to visit his sick mother, he was unable to provide his mother's address. The marijuana was packaged in burlap sacks fitted to be carried and Hernandez was found with

burlap fibers on his clothes. Footprint evidence indicated that an individual, with shoes similar to those worn by Hernandez, had been walking around the marijuana, and expert testimony established that "backpackers" (those who transport narcotics from Mexico and guard the narcotics until they are passed further along the drug distribution chain) play an important role in drug transportation networks. Construing these facts in the light most favorable to the government, we conclude that the district court did not err in denying Hernandez's motion for judgment of acquittal.

■ Finally, we reject Hernandez's contention that the district court erred in admitting drug courier modus operandi evidence. A qualified expert can provide opinion testimony if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Where, as here, the defendant is charged with participating in a drug distribution conspiracy, expert testimony on the modus operandi of drug traffickers may serve this purpose. *Cf. United States v. Varela–Rivera,* 279 F.3d 1174 (9th Cir.2002) (expert testimony regarding structure and methods of drug trafficking organizations inadmissible in non-conspiracy importation case); *United States v. McGowan,* 274 F.3d 1251, 1254 (9th Cir.2001) (same); *United States v. Vallejo,* 237 F.3d 1008, 1015–17 (9th Cir.), *amended,* 246 F.3d 1150 (9th Cir.2001) (same). The expert testimony that individuals commonly transport drugs from Mexico using burlaps sacks, and then guard those sacks until they are picked up and passed further along the drug distribution chain, was probative of Hernandez's alleged conspiracy. Furthermore, the expert testimony provided information about the illicit drug trafficking business that most likely was beyond the knowledge of the average juror.

■ Probative evidence should be rejected, though, if it is substantially outweighed by possible prejudicial effect. FED.R.EVID. 403. We conclude, however, that there was no substantial risk of prejudice. This court has held that "[d]rug courier profile testimony may be admissible to establish modus operandi, but only in exceptional, complex cases." *United States v. Lim,* 984 F.2d 331, 335 (9th Cir.1993). This court, however, has limited the scope of *Lim* to its facts, to those cases where a drug courier profile is used to impute guilt upon otherwise innocent behavior. *See United States v. Webb,* 115 F.3d 711, 715 (9th Cir.1997), *rev'd on other grounds, United States v. Hankey,* 203 F.3d 1160, 1169 n. 7 (9th Cir.2000); *United States v. Taren–Palma,* 997 F.2d 525, 534–35 (9th Cir.1993), *rev'd on other grounds, United States v. Shabani,* 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994).

Hernandez's behavior, however, was far from innocent. Unlike in *Lim,* where the defendant was merely traveling on an airplane without possession of drugs, Hernandez was found hiding in the remote Arizona desert, unable to account credibly for his presence there, proximate to 64 pounds of marijuana, with burlap fibers visible on their clothing, and wearing shoes with prints similar to those found near the drugs. The district court admitted the modus operandi evidence to assist the jurors in understanding how this otherwise suspicious behavior is consistent with actions commonly taken by low-level operatives in drug distribution conspiracies.

Furthermore, the district court admitted the modus operandi evidence only after giving the jury a limiting instruction, cautioning that the expert was not testifying from first-hand knowledge or regarding

what was actually involved in Hernandez's case. Given the suspicious nature of Hernandez's behavior, coupled with the district court's limiting instruction, we conclude that the admission of modus operandi evidence was not an abuse of discretion.

Accordingly, the conviction is

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.