UNITED STATES of America,
Plaintiff—Appellee,

v.

Nanja RUTHERFORD, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Martin Rutherford, Defendant—
Appellant.

Nos. 01–10164, 01–10172.
D.C. No. CR–99–00159–ECR/RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 29, 2002.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Martin and Nanja Rutherford ("the Rutherfords") appeal their convictions by a jury for making and filing false income tax returns for 1992, and for failing to file income tax returns for 1993. Specifically, they argue that the district court erred in denying their motions to suppress evidence, in denying their Rule 29 motions for judgments of acquittal, and in making inconsistent evidentiary rulings throughout the trial. We disagree, and affirm the district court's order entering judgments of conviction against the Rutherfords. Because the parties are familiar with the facts, we will not recite them except as necessary

### I.

We review *de novo* a district court's denial of a motion to suppress and its application of the law. *United States v. Murillo*, 255 F.3d 1169, 1174 (9th Cir. 2001). The district court's factual findings underpinning its denial of a motion to suppress are reviewed for clear error. *Id.*

The Rutherfords argue that IRS Special Agent Lilia Ruiz interrogated them at their offices without identifying herself or informing them of their constitutional rights, and that all evidence obtained as a result of the interrogation violated their Fifth Amendment rights and was thus inadmissible. The Rutherfords also argue that a tape recorded interview of Martin Rutherford by another IRS agent should be suppressed because the IRS purported to conduct it as part of a civil investigation, when in fact the case had already been referred to the criminal division of the IRS. These arguments have no merit.

■ The United States Supreme Court held that an IRS agent need not provide *Miranda* warnings to an individual under IRS investigation before questioning unless the individual was in custody or "special circumstances" were present "such as to overbear [the individual's] will to resist and bring about confessions not freely self-determined." *Beckwith v. United States*, 425 U.S. 341, 347–48, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1975) (quoting *Rogers v. Richmond*, 365 U.S. 534, 544, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961)). There is no evidence that the meeting between Ruiz and the Rutherfords was custodial in nature, nor were "special circumstances" involved so as to make the evidence the Rutherfords wish to suppress coerced or otherwise "not freely determined." *See Beckwith*, 425 U.S. at 347–48, 96 S.Ct. 1612. Therefore, Ruiz was not required to *Mirandize* the Rutherfords, and the meeting did not trigger their constitutional rights against self-incrimination or right to counsel. Accordingly, any evidence obtained as a result of this meeting was properly admitted.

The Rutherfords argue that the taped interview should be suppressed because the IRS had already referred the Rutherfords' case from its civil division to its criminal division, and that once a case is referred from the IRS's civil department to its criminal division, under the IRS manual and *Crystal v. United States*, 172 F.3d 1141 (9th Cir.1999), the IRS is required to suspend all civil auditing activities. However, the district court found that the tape recording was made several months before the IRS referred the case to its criminal division, and there is no evidence indicating that the district court's finding was clearly erroneous.

■ The Rutherfords claim that, under *United States v. Sourapas*, 515 F.2d 295, 298 (9th Cir.1975), the both the tape-re-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

corded interview and the evidence obtained during and as a result of the Ruiz interrogation must be suppressed because the IRS violated its own procedures. However, this argument has no merit. *Sourapas* did support the Rutherfords argument, holding that "any information obtained from Sourapas' personal records or answers to questions should be suppressed by reason of Saetta's failure to comply with the [IRS] regulations," *Sourapas*, 515 F.2d at 298, but the holding in *Sourapas* has long been superceded. The United States Supreme Court held that evidence obtained in violation of IRS regulations is admissible at the criminal trial of a taxpayer, so long as there was no constitutional or statutory violation. *United States v. Caceres*, 440 U.S. 741, 754–56, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); *accord United States v. Snowadzki*, 723 F.2d 1427, 1430–31 (9th Cir.1984) ("Absent unusual circumstances, the exclusionary rule does not apply when IRS agents violate internal regulations, without also infringing on constitutional or statutory rights"); *see also United States v. Appoloney*, 761 F.2d 520, 522 (9th Cir.1985) (stating that "the Court [in *Caceres* ] held that absent any constitutional or statutory violation, the exclusionary rule was inapplicable. Thus, the continuing validity of our holding in *Sourapas* is questionable. Subsequently, [in *Snowadzki* ] we have held that '[a]bsent unusual circumstances, the exclusionary rule does not apply when IRS agents violate internal regulations, without also infringing on constitutional or statutory rights' ") (citations omitted). Even if the IRS violated its own regulations, the evidence remains admissible because the actions of the IRS agents did not violate the Rutherfords' statutory or constitutional rights. *See Caceres*, 440 U.S. at 754–56, 99 S.Ct. 1465; *Snowadzki*, 723 F.2d at 1430–31.

## II.

A trial court's ruling on a Rule 29 motion for acquittal is reviewed *de novo*. *United States v. Ruiz–Lopez*, 234 F.3d 445, 447 (9th Cir.2000). We must review the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir. 2000). We will not set aside the findings of the trier of fact unless they are clearly erroneous. *Marchini*, 797 F.2d at 766.

■ Examining the evidence in the light most favorable to the government, it is clear that the government met its burden of proving that the Rutherfords earned enough gross income to be required to file a tax return under 26 U.S.C. § 6012 by showing that the gross receipts of their chiropractic practice exceeded the statutory minimum.

■ The Rutherfords also argue that their Rule 29 Motion should have been granted because they relied on the advice of counsel and on correspondence from the IRS when they determined that they owed no taxes for 1992 and 1993. Reliance on the advice of a tax professional does not constitute a complete defense, but is a factor that the trier of fact may consider on the issue of willfulness. *United States v. Ibarra–Alvarez*, 830 F.2d 968, 973 (9th Cir.1987). However, the jury considered the evidence on this issue and rejected the defense. The government offered a great deal of credible evidence showing that the Rutherfords knew that they owed taxes and acted willfully in violating the tax laws in 1992 and 1993. Viewing this evidence in the light most favorable to the government, we conclude that the government met its burden of proving that the Rutherfords acted willfully.

III.

We review a district court's evidentiary rulings for abuse of discretion. *Murillo*, 255 F.3d at 1174; *United States v. Alatorre*, 222 F.3d 1098, 1100 (9th Cir.2000). Such rulings must be reversed for an abuse of discretion only if such nonconstitutional error more likely than not affected the verdict. *United States v. Ramirez*, 176 F.3d 1179, 1182 (9th Cir.1999).

The Rutherfords have appealed a number of the district court's evidentiary rulings, alleging various errors. Generally, the district court controlled the scope of the Rutherfords' cross-examination of government witnesses tightly, often sustaining government objections for irrelevance or exceeding the scope of direct examination. However, we could find no instance where the court abused its discretion.

AFFIRMED.