UNITED STATES of America, Plaintiff—Appellee,

v.

Juan SOLORZANO–VILLALPANDO, aka, Miguel Tapia–Gonzalez, Defendant—Appellant.

No. 00–10447.

D.C. No. CR–00–00668 SMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 26, 2002.

Before SCHROEDER, Chief Judge, FISHER and PAEZ, Circuit Judges.

MEMORANDUM *

Juan Solorzano–Villalpando ("Solorzano") was arrested and charged with being

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"found in" the United States in violation of 8 U.S.C. § 1326. He pled guilty to that offense, and waived his right to appeal. He now seeks to challenge his conviction based on the failure of the district court to advise him that the government must establish that he entered the United States free from official restraint, including that he was free from constant surveillance, see *U.S. v. Ruiz–Lopez,* 234 F.3d 445, 448 (9th Cir.2000); *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165–66 (9th Cir.2000), and to satisfy itself that there were sufficient facts to support a conviction. *U.S. v. Alber,* 56 F.3d 1106, 1110 (9th Cir.1995). Solorzano's waiver of his right to appeal does not prevent his challenge to the district court's adherence to Rule 11 of the Federal Rules of Criminal Procedure ("Rule 11") establishing that the plea was knowing and voluntary. *United States v. Portillo–Cano,* 192 F.3d 1246, 1249 (9th Cir.1999).

Because the presentence report was not available when the magistrate judge accepted Solorzano's plea, the magistrate judge had no reason to suspect that Solorzano was not 'found in' the United States within the legal meaning of that phrase. Later, however, the presentence report indicated that Solorzano was observed crawling under the border fence. When the district court accepted the plea after the presentence report was prepared, no objection was made to the adequacy of the proceedings before the magistrate judge or to the existence of a factual basis for the crime. Under these circumstances, we conclude that the district court did not commit plain error in accepting Solorzano's plea. *See United States v. Vonn,* —— U.S. ——, ——, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002) (holding plain error review applicable to Rule 11 violations where no objection was made in the district court).

We affirm Solorzano's conviction without prejudice to his ability to challenge, in a *habeas* proceeding, the effectiveness of his trial counsel. *See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (explaining that habeas claim may succeed where "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

AFFIRMED.