**Claudia RIVERA, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–74015.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Sept. 20, 2005.

Raul M. Montes, Esq., Montes & Montes, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Ernesto H. Molina, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Respondent.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and DUFFY,** District Judge.

MEMORANDUM ***

Claudia Rivera ("Petitioner"), a native and citizen of Mexico and a lawful permanent resident alien of the United States,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**684**

petitions for review from the affirmance by the Board of Immigration Appeals ("BIA") of an order entered by the Immigration Judge ("IJ"). That order found Petitioner removable for alien smuggling, in violation of section 212(a)(6)(E)(i) of the Immigration and Nationality Act (the "Act"), 8 U.S.C. § 1182(a)(6)(E)(i).

Petitioner pled guilty, on or about May 15, 2001, to violating 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II). These statutory provisions establish criminal liability for any person who—

> (iv) encourages or induces an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law; or ...
>
> (v)(II) aids or abets the commission of any of the preceding acts.

8 U.S.C. §§ 1324(a)(1)(A)(iv), (v)(II). Petitioner's conviction was based on her conduct on August 3, 2000, when she re-entered the United States from Mexico. On this occasion, Petitioner assisted an undocumented alien in her unlawful attempt to enter the United States.

Shortly after her conviction, the Immigration and Naturalization Service ("INS") charged Petitioner with removability under section 237(a)(1)(A) of the Act, 8 U.S.C. § 1227(a)(1)(A), and section 212(a)(6)(E)(i) of the Act, 8 U.S.C. § 1182(a)(6)(E)(i). Section 237(a)(1)(A) authorizes the removal of "[a]ny alien who at the time of entry or adjustment of status was within one or more of the classes of aliens inadmissible by the law existing at such time." Section 212(a)(6)(E)(i) deems an alien "inadmissible" if he "at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." The INS thus alleged that when Petitioner reentered the United States on August 3, 2000, she (as established by her criminal plea) knowingly encouraged, induced, assisted, abetted, or aided an alien to enter or try to enter the United States in violation of section 212(a)(6)(E)(i), which rendered her removable.

At a December 2001 hearing, an IJ found Petitioner removable as charged, but allowed her an opportunity to file an application for cancellation relief. Petitioner subsequently filed an application for cancellation of removal and a motion to terminate the removal proceedings. In support of her motion, Petitioner argued that the undocumented alien whom she supposedly helped to enter the United States was lawfully admitted to the country by federal agents as part of a federal surveillance operation (i.e., the operation which ultimately resulted in Petitioner's arrest). Petitioner therefore contended that she could not have assisted the unlawful "entry" of an alien into the United States, and could not be removable on the basis of her conviction. The IJ rejected this argument and ordered Petitioner's removal to Mexico. Since Petitioner's conviction was for an aggravated felony, see 8 U.S.C. § 1101(a)(43)(N), the IJ also denied Petitioner's application for cancellation of removal. See 8 U.S.C. § 1229b(a). The BIA affirmed the IJ's decision without opinion and Petitioner filed a timely petition for review.

Because the BIA summarily affirmed the IJ's decision, we review the IJ's decision. See *Alaelua v. INS*, 45 F.3d 1379, 1381–81 (9th Cir.1995); see also *Fajardo v. INS*, 300 F.3d 1018, 1018 n. 1 (9th Cir. 2002). The IJ's findings of fact are reviewed for substantial evidence and accordingly "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Questions of law are re-

viewed *de novo,* subject to established principles of deference. *See Kankamalage v. INS,* 335 F.3d 858, 861–62 (9th Cir. 2003).

Petitioner contends that the IJ's order was not supported by substantial evidence. Among other things, Petitioner argues, again, that she cannot be removed for alien smuggling since, according to her view of the facts, the undocumented alien whom she allegedly assisted was lawfully admitted to this country.

We affirm the IJ's order and reject Petitioner's argument. Petitioner pled guilty to an offense, 8 U.S.C. § 1324(a)(1)(A)(iv), that makes it illegal to "encourage[ ] or induce[ ] an alien to come to, enter, or reside in the United States." This conduct certainly falls within that prescribed by section 212(a)(6)(E)(i) of the Act, which renders inadmissible those aliens who knowingly "encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law." Petitioner's guilty plea thus establishes that she participated in alien smuggling and was therefore inadmissible when she re-entered the United States on August 3, 2000. Accordingly, her guilty plea constitutes substantial evidence in support of the IJ's finding of removability.

The facts to which Petitioner directs our attention do not compel a different conclusion. Section 206(a)(6)(E)(i) of the Act merely requires that an alien encourage or induce any other alien "to enter or try to enter" the United States in violation of law. Petitioner clearly encouraged or induced the undocumented alien to try to achieve an unlawful entry. Whether the undocumented alien was successful in entering the country is beside the point.[1]

Accordingly, the Petition for Review is DENIED.

---

1. Petitioner's argument also fails because, pursuant to the doctrine of "official restraint," the alien never achieved entry (lawful or otherwise) to the United States. *See Sidhu v. Ashcroft,* 368 F.3d 1160, 1163 (9th Cir.2004); *United States v. Ruiz–Lopez,* 234 F.3d 445, 448 (9th Cir.2000).

