UNITED STATES of America,
Plaintiff,

v.

Bernardo GOMEZ–INFANTE,
Defendant.

No. CR 07–50104 TUC DCB (JCG).

United States District Court,
D. Arizona.

Feb. 15, 2008.

Monte C. Clausen, U.S. Attorney's Office, Tucson, AZ, for Plaintiff.

Saul Martin Huerta, Jr., Federal Public Defenders Office, Tucson, AZ, for Defendant.

## ORDER

DAVID C. BURY, District Judge.

After a full and independent review of the record, including the Defendant's objections, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.[1] Based on the Indictment and jury conviction of the Defendant in CR 06–804 TUC DCB for violating 8 U.S.C. § 1326, Re-entry after Deportation, by attempting to illegally enter this country, the Court finds the Defendant has violated the terms and conditions of his Supervised Release.

On November 30, 2007, the Honorable Jennifer C. Guerin, United States Magistrate Judge, signed a Report and Recommendation in this action. She recommends that the Court find by a preponderance of the evidence that the Defendant violated his Supervised Release. Specifically, Judge Guerin recommends that the evidence clearly demonstrates the Defendant's conviction for the offense of re-entry after deportation, in violation of 8 U.S.C. § 1326, provides a basis for further finding a

---

1. Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

violation of conditions of supervised release. (Report and Recommendation at 3) (citing *United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir.2005)). She advises that the Government has proven by a preponderance of the evidence that the Defendant violated the condition of his Supervised Release that "Defendant shall not commit another federal, state, or local crime." *Id.* at 4–5.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation. Defendant filed objections, and the Government has responded. Any objections that have not been raised are waived and will not be addressed by the Court. *See* 28 U.S.C. § 636(b) (objections are waived if they are not filed within ten days of service of the Report and Recommendation).

Defendant argues that he was convicted of attempted re-entry, which under Ninth Circuit law does not constitute "entry" into the United States. (Report and Recommendation at 3 (citing *United States v. Zavala–Mendez*, 411 F.3d 1116, 1121 (9th Cir.2005); *United States v. Ruiz–Lopez*, 234 F.3d 445 (9th Cir.2000)). Defendant argues that a person subject to supervised release and charged with a violation of it is entitled to written notice of the alleged violation. (D's Objection at 1 (citing Fed. R.Crim.P. 32.1)). "When the violation is the 'commission of a new crime and the offense being charged is not evident from the condition of [supervised release] being violated, a defendant is entitled to receive notice of the specific statute he is charged with violating.'") *Id.* (citing *United States v. Havier*, 155 F.3d 1090 (9th Cir.1998)). Defendant argues that in this case, the alleged offense in the Petition is stated as follows: "New Law Violation: Re-entry After Deportation," and "Violation of Special Condition Ordering Defendant not to Reenter the United States Illegally." De-

fendant argues that this is not the same as his offense of conviction for attempted re-entry and, therefore, he had inadequate notice to defend against the Petition. He asks the Court do dismiss the Petition to Revoke his Supervised Release.

■ As the Magistrate Judge correctly notes the Petition includes details giving the Defendant notice that revocation is based on the Indictment and conviction in CR 06–804 TUC DCB for violating 8 U.S.C. § 1326, Re-entry After Deportation, by knowingly and intentionally attempting to enter the United States. (Report and Recommendation at 2–3.) Section 1326 provides criminal penalties for "any alien who has been denied admission, excluded, deported or removed ... while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in, the United States, ...." 8 U.S.C. § 1326(a).

Defendant argues that there are three offenses found in 8 U.S.C. § 1326: entering, attempting to enter, and being found in the United States. (D's Objection at 14 (citing *United States v. Rivera–Relle*, 333 F.3d 914, 919 (9th Cir.2003))). Defendant admits the factual details in the Petition gave him notice that it is the attempt conviction upon which revocation is based, but he argues that the alleged violation in the Petition should be "attempted" re-entry after deportation instead of re-entry after deportation. The Court rejects this argument and finds that the violation alleged in the Petition, 8 U.S.C. § 1326, Re-entry after Deportation, is the relevant offense of conviction. The fact put forth by the Government in the Petition to prove the alleged statutory violation is his indictment under this statute for attempted re-entry after deportation. The Petition gave the Defendant adequate notice to defend himself.

*Conclusion:*

After a full and independent review of the record, including the transcript of the hearing held before Magistrate Judge Guerin, the Court finds that the Government has proven by a preponderance of the evidence that the Defendant violated the two conditions alleged in the Petition for Revocation of Supervised Release.

**Accordingly,**

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court, and the Court makes the additional finding that both conditions alleged in the Petition were violated by the Defendant.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Jennifer C. Guerin for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ. 72.1(a), Rules of Practice for the United States District Court, District of Arizona (Local Rules). While attempted re-entry may not constitute "entry" into the United States, it nevertheless constitutes a violation of 8 U.S.C. § 1326, which prohibits reentry of deported aliens.

## REPORT AND RECOMMENDATION

JENNIFER C. GUERIN, United States Magistrate Judge.

Before the Court is a Petition for Revocation of Supervised Release. (Doc. No. 3.) This matter came before the Court for a hearing and a report and recommendation. The matter was set for evidentiary hearing and evidence was heard on November 28, 2007. Defendant, who is presently in custody, was present and represented by counsel. Having heard the evidence and considered the arguments, the Magistrate Judge recommends that the District Court, after its independent review, find that the Defendant violated his Supervised Release.

### Factual Findings

At the evidentiary hearing the government provided certified copies of court records. Those records, which were not challenged, establish the following facts:

1. On May 2, 2000, in the Southern District of Texas, Defendant was convicted of re-entry after deportation and sentenced to 77 months imprisonment and, upon release from imprisonment, to a term of supervised release of three years. Two of the conditions of supervised release were: (1) defendant shall not commit another federal, state, or local crime, and (2) if deported, the defendant is not to re-enter the United States illegally.

2. Defendant's three-year term of supervised release started on March 30, 2006, when he was released from prison.

3. On April 26, 2007, the Defendant was indicted for the offense of re-entry after deportation, 8 U.S.C. § 1326. The indictment alleged:

On or about April 1, 2006, at or near Douglas, in the District of Arizona, Bernardo Gomez Infante, an alien, knowingly and intentionally attempted to enter the United States of America and committed an overt act which was a substantial step towards entering the United States of America, that is the defendant falsely claimed to be a United States citizen, after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about December 11, 1992, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code, Section 1326(b)(2).

The Indictment was captioned: Violations: 8 U.S.C. § 1326 (enhanced by 8 U.S.C. § 1326(b)(2)) (Re–Entry After Deportation).

4. On June 5, 2006, a Petition for Warrant or Summons for Offender Under Supervision was filed in the United States District Court for the Southern District of Texas. The petition alleged that the Defendant had violated two conditions of supervision and reiterated the exact language contained in the Indictment issued on April 26, 2007. The Petition reads in relevant part:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | NEW LAW VIOLATION: RE–ENTRY AFTER DEPORTATION |
| 2 | VIOLATION OF SPECIAL CONDITION ORDERING DEFENDANT NOT TO REENTER THE UNITED STATES ILLEGALLY |

Details: The defendant was indicted in the District of Arizona, for Re-entry After Deportation, under Criminal Number 4:06CR00804–TUC–DCB. According to the indictment, on or about April 1, 2006, at or near Douglas, in the District of Arizona, Bernardo Gomez Infante, an alien, knowingly and intentionally attempted to enter the United States of America and committed an overt act which was a substantial step towards entering the United States of America, that is the defendant falsely claimed to be a United States citizen, after having been denied admission, excluded, deported, and removed therefrom at or near Nogales, Arizona on or about December 11, 1992, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8, United States Code, Section 1326, enhanced by Title 8, United States Code,

Section 1326(b)(2). Disposition of this case is pending before the United States District Court, in the District of Arizona, Tucson.

5. On June 6, 2007, a jury in Tucson, Arizona, convicted Defendant of the sole charge in the indictment.

6. On August 31, 2007, the Texas District Court initiated transfer of the supervised release matter to the Arizona District Court; the transfer was accepted on August 9, 2007.

### Analysis

■ The evidence clearly demonstrates that the Defendant was convicted of the offense of re-entry after deportation, in violation of 8 U.S.C. § 1326. A conviction may provide a basis for a further finding of a violation of conditions of supervised release. *See United States v. Spraglin,* 418 F.3d 479, 481 (5th Cir.2005) (upholding revocation of supervised release based on evidence of defendant's state murder conviction which was pending appeal); *see also United States v. Allen,* 457 F.2d 1361, 1363 (9th Cir.1972) (until the judgment of the lower court is reversed, the conviction will stand). Defendant argues, however, that the government failed to prove that he violated either condition of supervised release because the Defendant only attempted to enter the United States, he did not actually do so. According to the Defendant, under Ninth Circuit law, Defendant's actions do not constitute "entry" into the United States. Ninth Circuit law makes the distinction Defendant urges. *See United States v. Zavala–Mendez,* 411 F.3d 1116, 1121 (9th Cir.2005) ("An alien who crosses the border at a designated location and proceeds directly in the manner designated by the government to the border station where he then presents himself to the authorities has not [yet] been 'found in' the United States . . ."); *United States v. Ruiz–Lopez,* 234 F.3d 445 (9th Cir.2000) (if a government official has

an alien under surveillance from the moment he passes the port of entry until the moment of arrest, the alien has not "entered" the United States). The indictment alleges attempted entry and the jury convicted the Defendant only of that charge. Thus, technically, under Ninth Circuit law, the Defendant did not violate the special condition ordering "Defendant not to reenter the United States illegally."

Defendant did, however, violate the condition that he not commit another federal crime during the term of supervision. Defendant committed the offense of attempted illegal entry and he was convicted of this offense by the jury. Defendant does not dispute this conviction, rather he argues that the Petition did not provide sufficient notice that this offense would be used to provide a basis for revocation. Defendant asserts that the Petition refers to the new law violation only as "Re–Entry After Deportation," which as discussed above he did not commit as the term "entry" is defined under Ninth Circuit law. In support, Defendant notes that there is there is no reference to a particular statute in relation to the new violation.

The Court disagrees. Reading the Petition as a whole, it appears clear that the basis for revocation of each of the two conditions is contained at the bottom of the first page of the Petition under the heading, "Details". The basis is written once, on the bottom of the page, because the factual allegations supporting the two alleged violations is identical—Defendant's attempted illegal entry. The facts and allegations contained within the details section provided the Defendant with sufficient notice of the specific statute he was charged with violating and the time and location of the alleged violation.[1] The Petition asserts that the Defendant attempted to enter the United States in violation of 8 U.S.C. § 1326(b)(2). The facts contained in this section are the identical facts set forth in the Indictment. The jury convicted the Defendant of the sole charge set forth in the Indictment—Reentry After Deportation. Attempted illegal entry is properly charged under 8 U.S.C. § 1326(b)(2)—which is captioned "Reentry After Deportation." Defendant could not have been ignorant of the conduct or violation of law which was at the heart of the government's allegation that he violated his term by committing a new offense, specifically, reentry after deportation. The notice was more than sufficient.

Based on the foregoing, the Magistrate Judge finds and recommends that the District Court conclude that the government has proven by a preponderance of the evidence that the Defendant violated the condition that he commit no new offense by attempting entry into the United States in violation of 8 U.S.C. § 1326.[2] The findings of this Court are referred to the District Court for its consideration. The parties have ten (10) days to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR 07–50104–TUC–DCB.**

---

1. *Cf. United States v. Havier,* 155 F.3d 1090, (9th Cir.1998) (concluding petition alleging that defendant had violated supervised release by committing new crime provided insufficient notice where petition did cite specific statute defendant had allegedly violated).

2. At the evidentiary hearing, the Magistrate Judge found that the Defendant violated both conditions alleged in the Petition. Upon further review, the Judge modifies its oral findings as set forth in this opinion.