**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jordan Lee MARTELL, Defendant—
Appellant.**

**No. 07–30140.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2008.

Filed March 17, 2008.

Joseph E. Thaggard, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: FERNANDEZ, BERZON, and BEA, Circuit Judges.

### MEMORANDUM*

Jordan Lee Martell appeals his conviction for first degree murder. *See* 18 U.S.C. §§ 1111(a), 1153. We affirm.

■ Martell asserts that the evidence was insufficient to allow a rational juror to find him guilty of first degree murder beyond a reasonable doubt. *See United States v. Ruiz–Lopez,* 234 F.3d 445, 448 (9th Cir.2000); *United States v. Free,* 841 F.2d 321, 325 (9th Cir.1988). We have reviewed the record and disagree. Specifically, the evidence supports a determination that the victim was alive when Martell and his companions decided to stab the victim to death because he had been beaten so badly that they "couldn't let him go." It also supports the determination that there was premeditation and deliberation in that thought process. Moreover, the evidence was sufficient to demonstrate that Martell was not too intoxicated to form the necessary mental state.

■ Martell makes a number of claims of trial error. For the most part, no objection was made at trial. Thus, the plain error standard applies to consideration of those. *See United States v. Bracy,* 67 F.3d 1421, 1432 (9th Cir.1995); *United States v. Alonso,* 48 F.3d 1536, 1539 (9th Cir.1995); *United States v. Houser,* 804 F.2d 565, 570 (9th Cir.1986); *see also United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998) (listing plain error elements). None of them constituted plain error.[1] In fact, none of them were actually error at all. The one preserved claim was that Martell was precluded from asking a single question on cross-examination regarding the reason a witness had given for hitting the victim with a baseball bat. Any error was harmless: at trial the witness already had testified as to the reason she hit the victim, and counsel argued that point to the jury. Moreover, the evidence was not particularly pertinent to Martell's guilt. Further, it is clear that all of the claims of error pale into insignificance in the face of the overwhelming evidence of what Martell did and why he did it. Taken singly or cumulatively, none amounted to prejudicial error. *See United States v. de Cruz,* 82 F.3d 856, 868 (9th Cir.1996); *United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996).

Finally, as the record demonstrates, the district court did not err when it failed to make a sua sponte call for a hearing to decide if Martell was competent to be tried. *See* 18 U.S.C. § 4241(a); *United*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Briefly, the claims are: Martell's assertion about questions asked of an investigating agent about Native American personalities, most of which evidence was elicited by Mar-

tell himself; a claim that the admitted victim of a murder was referred to as a victim; an assertion that an FBI agent testified about fingerprints (*see United States v. Christophe,* 833 F.2d 1296, 1300 (9th Cir.1987)); and a few questions that Martell now says reflected poorly upon himself and his family.

*States v. Fernandez,* 388 F.3d 1199, 1250–51 (9th Cir.2004); *see also Deere v. Woodford,* 339 F.3d 1084, 1086 (9th Cir.2003). There was no substantial evidence to raise a good faith doubt about Martell's competence. *See Fernandez,* 388 F.3d at 1251.

AFFIRMED.