UNITED STATES of America,
Plaintiff—Appellee,

v.

Lawrence Dean JACKSON, Jr.,
Defendant—Appellant.

No. 06–30544.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 2007.

Filed May 5, 2008.

Lori Harper Suek, Esq., Eric B. Wolff, Esq., Office of the U.S. Attorney, Billings, MT, Joshua A. Van De Wetering, Esq.,

Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

R. Henry Branom, Jr., Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, PREGERSON, and IKUTA, Circuit Judges.

## MEMORANDUM *

Lawrence Dean Jackson, Jr. appeals his conviction and 120–month sentence for maiming under 18 U.S.C. §§ 114 and 1153(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

First, it was not plain error for the district court to admit Dr. Reynolds' testimony regarding William Gone's disfigurement. Dr. Reynolds did not opine that Jackson had the specific intent to maim or that he did not act in self defense. Nor did "the ultimate inference or conclusion" of specific intent "necessarily follow from [Dr. Reynolds'] testimony." *United States v. Younger,* 398 F.3d 1179, 1189 (9th Cir. 2005) (quoting *United States v. Morales,* 108 F.3d 1031, 1038 (9th Cir.1997) (en banc) (internal quotation marks omitted)).

■ Second, the district court did not err in denying Jackson's Fed.R.Crim.P. 29 motion for judgment of acquittal. Reviewing the evidence in the light most favorable to the government, a rational trier of fact could have found beyond a reasonable doubt that Jackson possessed the specific intent to maim or disfigure. *See United States v. Ruiz–Lopez,* 234 F.3d 445, 448 (9th Cir.2001). The government presented

photographs apparently showing that Gone's injuries were numerous and severe. Dr. Reynolds testified that large portions of Gone's nose and ear were missing and that one of his fingers had been bitten down to the bone. One government witness testified that the driver of the car and another passenger had difficulty pulling Jackson out of the car and away from Gone. Finally, the jury was instructed to consider Jackson's intoxication in determining whether he had the capacity to form specific intent.

■ Third, the district court imposed a reasonable sentence after consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty,* 520 F.3d 984 (9th Cir.2008) (en banc); 18 U.S.C. § 3553(c). The district court stated that Jackson's "long history of violent conduct, including multiple assaultive conduct and murder of another human being," and the "absolutely heinous" nature of the crime itself showed that Jackson is "an extreme danger to the community" and likely to re-offend. The district court at least implicitly considered Jackson's psychiatric problems when it reviewed the Presentence Report. Although the 120–month sentence is 33 months greater than the high end of the Guidelines range, the district court judge "explain[ed] why he impose[d] a sentence outside the Guidelines." *Carty,* 520 F.3d at 992. The sentence imposed was reasonable. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). The sentencing judge did not abuse his discretion. *Id.* at 597.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.