**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Raed AROOK, Defendant—Appellant.**

No. 08–30295.

United States Court of Appeals,
Ninth Circuit.

Submitted May 5, 2009.\*

Filed May 7, 2009.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Betsy Horsman, Office of the U.S. Attorneys, Helena, MT, for Plaintiff–Appellee.

David F. Ness, Assistant Federal Public Defender, Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: WARDLAW, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Raed Arook appeals his conviction for illegal entry by an alien in violation of 8 U.S.C. § 1325(a). He contends that he did not enter the United States free from "official restraint" and that the government therefore failed to prove the elements of illegal entry beyond a reasonable doubt.

** This disposition is not appropriate for publication and is not precedent except as provid-

We review de novo the district court's denial of a motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, *see United States v. Ruiz–Lopez*, 234 F.3d 445, 447–48 (9th Cir.2000), and we affirm.

Viewing the evidence in the light most favorable to the prosecution, *United States v. Zavala–Mendez*, 411 F.3d 1116, 1118 (9th Cir.2005), there was a lapse in official observation by U.S. officials between the time Arook passed from the view of U.S. border cameras and the time Agent Pohjonen arrived and took Arook into custody, *see United States v. Hernandez–Herrera*, 273 F.3d 1213, 1219 (9th Cir. 2001) (holding that even a very brief lapse in official observation is sufficient to establish entry).

That Arook may have been observed by an off-duty, Canadian border official has no bearing on our decision. To constitute official restraint, the constant surveillance must be by "governmental authorities." *United States v. Castellanos–Garcia*, 270 F.3d 773, 775 (9th Cir.2001); *Hernandez–Herrera*, 273 F.3d at 1219. In the context of enforcing U.S. immigration laws, "governmental authorities" clearly means authorities of the U.S. government. The independent actions of a non-U.S. citizen (who happened to be an off-duty, foreign official) in reporting a crime cannot be imputed to the U.S. government as an official action. And, even if those actions were imputable to the U.S. government, the foreign official's observations were not constant.

**AFFIRMED.**