FILED

**NOT FOR PUBLICATION**

DEC 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30179 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00149-JDS-2 |
| v. | |
| MAURISIO RAMIREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30180 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00149-JDS-3 |
| v. | |
| GILBERTO ACEVEDO, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30194 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00149-JDS-1 |
| v. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

DOMINGO BAEZ,

   Defendant - Appellant.

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Argued and Submitted November 14, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Defendant-appellant Maurisio Ramirez appeals his conviction of conspiracy to posses with intent to distribute cocaine in violation of 21 U.S.C. § 846. His co-defendants Gilberto Acevedo and Domingo Baez appeal their related convictions of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and two counts of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in all respects.

**A.     Maurisio Ramirez**

Ramirez contends the district court erred in admitting co-conspirator Ricardo Collazo-Canales's statements identifying him as the conspiracy's supplier of cocaine. To determine whether a particular statement was made in furtherance of

the charged conspiracy, the district court must consider "[t]he broad context or circumstances in which the statement was made. . . . [T]he foundation need be sufficient only to infer the statement's purpose; it need not be laid bare on the pages of the trial transcript." *United States v. Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006).

Collazo-Canales testified that he sold and distributed cocaine on Baez's behalf. In light of this testimony, the district court could reasonably infer that Baez identified Ramirez to assure Collazo-Canales that he had a secure, trusted source of cocaine. *See id.* at 1212 (finding no error in admitting statements that "informed [the co-conspirator] of certain steps taken in the process of reaching the ultimate goal of distribution . . . [and] served to keep [the co-conspirator] informed as to the [group's] drug supply"). Although Collazo-Canales testified that he believed that the challenged statements were mere chit-chat, the court must look "to the declarant's intent in making the statement, not the actual effect of the statement." *United States v. Williams*, 989 F.2d 1061, 1068 (9th Cir. 1993). Consequently, the district court did not err in admitting Collazo-Canales's statements implicating Ramirez.

Nor did the district court err in denying Ramirez's motion for acquittal. Viewing the evidence in the light most favorable to the government, *see United*

*States v. Sarkisian*, 197 F.3d 966, 984 (9th Cir. 1999), a reasonable juror could find Ramirez guilty beyond a reasonable doubt in light of Collazo-Canales's inculpatory testimony, the wiretap recorded conversations between Baez and Ramirez arranging drug transactions, and the considerable volume of phone calls between Baez and Ramirez during the charged conspiracy. *See United States v. Romero*, 282 F.3d 683, 686-87 (9th Cir. 2002); *United States v. Ruiz-Lopez*, 234 F.3d 445, 447-48 (9th Cir. 2000).

Finally, the district court did not err in sentencing Ramirez. Information given supporting a drug quantity approximation must possess sufficient indicia of reliability to support its probable accuracy. The testimony of co-conspirators given under oath can contain sufficient indicia of reliability to support the calculation's probable accuracy. *See United States v. Alvarez*, 358 F.3d 1194, 1213 (9th Cir. 2004) (citing *United States v. Vought*, 69 F.3d 1498, 1502-03 (9th Cir. 1995) (finding that witness testimony supported trial court's calculation of drug quantity)). Accordingly, the district court properly relied on Baez's testimony under oath before the grand jury, as well as his statements to government agents, regarding the quantity of cocaine involved in the charged conspiracy.

**B.    Gilberto Acevedo**

4

Acevedo contends that the district court abused its discretion in denying his motion for appointment of an expert in voice analysis to aid his attorney in impeaching government witnesses' testimony identifying him as the speaker on various wiretapped cell phone conversations with Baez. "It is an abuse of discretion to deny a request for an expert . . . where (1) 'reasonably competent counsel would have required the assistance of the requested expert for a paying client,' and (2) the defendant 'was prejudiced by the lack of expert assistance.'" *United States v. Rodriguez-Lara*, 421 F.3d 932, 940 (9th Cir. 2005) (quoting *United States v. Nelson*, 137 F.3d 1094, 1101 n. 2 (9th Cir. 1998)). "Prejudice must be shown by clear and convincing evidence." *Id.*

Here, the government presented considerable evidence implicating Acevedo in the charged conspiracy other than the wiretap recordings. Collazo-Canales testified that he observed Acevedo deliver a kilogram of cocaine to Baez, and that Baez identified Acevedo as a supplier. Moreover, Acevedo's attorney vigorously cross-examined the government's witnesses about their limited interactions with Acevedo, as well as the language barrier between them, without expert assistance. Under these circumstances, Acevedo failed to adduce clear and convincing evidence of prejudice sufficient to establish that the district court abused its discretion in denying his motion.

5

## C.    Domingo Baez

Baez contends that it was prejudicial error for the district court to permit the jury to replay wiretap recordings of his conversations with Ramirez and Acevedo in the privacy of the jury room, in his absence.  "[A] defendant has a right to be present when tape-recorded conversations are replayed to a jury during its deliberations."  *United States v. Felix-Rodriguez*, 22 F.3d 964, 967 (9th Cir. 1994).  The government concedes that the district court erred, but argues that the error was harmless because the government adduced ample evidence implicating Baez in the charged conspiracy.  This evidence included Collazo-Canales's testimony that he observed Baez in possession of three to four kilograms of cocaine during the course of the conspiracy, and the testimony of six additional witnesses—including street-level dealers, drug users, and an undercover government agent—who purchased cocaine from Baez.  In light of this evidence, we conclude that Baez has failed to show that he suffered prejudice as a result of any error in allowing the replay.  *See United States v. Sacco*, 869 F.2d 499, 502 (9th Cir. 1989) (district court did not abuse its discretion in allowing the replay of a videotaped deposition where there was "ample physical evidence, aside from the videotape, of [the defendant]'s criminal conduct," such that showing the deposition was not a

6

"repetition of the government's case against [the defendant]" (internal quotation marks omitted)).

Nor did the district court err in calculating Baez's sentence. The drug quantity at issue did not involve "break points," and therefore the district court's estimate did not result in a quantity "barely above" an amount corresponding to a significantly lower sentencing range. *See United States v. Scheele*, 231 F.3d 492, 499 (9th Cir. 2000). The district court also properly applied a leadership role enhancement under § 3B1.1(c) of the Sentencing Guidelines to Baez's sentence. The evidence adduced at trial established that Baez directed Collazo-Canales to deliver cocaine to certain customers, and instructed Conner Urion to house a safe containing drugs at his residence. These acts were sufficient to establish that Baez exercised supervisory authority. *See United States v. Salcido-Corrales*, 249 F.3d 1151, 1154 (9th Cir. 2001).

We decline to address the merits of Baez's ineffective assistance of counsel claim. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) (citing *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). Here, the record is insufficiently developed as to why Baez's attorney made the strategic decision to admit Baez's limited involvement in cocaine sales during his opening argument.

7

*See id.* ("McKenna urges us to review her claim of ineffective assistance of counsel on direct appeal because the record is sufficiently developed. But . . . [t]he record is . . . not developed with respect to why her attorneys felt that the motions McKenna wanted filed were not warranted by the evidence. . . . Accordingly, we decline to review McKenna's claim of ineffective assistance of counsel."). Baez's claim would properly be raised in a motion under 28 U.S.C. § 2255.

The conviction in No. 10-30180 (Acevedo) and the convictions and sentences in No. 10-30179 (Ramirez) and No. 10-30194 (Baez) are AFFIRMED.